**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RICTERJ ENTERPRISES L.L.C. D/B/A MASSAGE ENVY BLUEBONNET AND MASSAGE ENVY LONG FARM, | :<br>:<br>:   NO. _____<br>: |
| Plaintiff, | :<br>: |
| vs. | : |

ALSCO, INC. D/B/A ALSCO UNIFORMS

    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

    COMES NOW RicterJ Enterprises L.L.C. d/b/a Massage Envy BlueBonnet and Massage Envy Long Farm ("Ricter"), by and through its counsel, and files this Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202 against Alsco, Inc. d/b/a Alsco Uniforms ("Alsco"). In support of its Complaint, Ricter states the following:

**PARTIES**

    1.    Plaintiff Ricter is a Texas limited liability company with its principal place of business at 618 Vendemmia Bend, Lakeway, Texas 78738. Ricter's members are citizens of Texas and Louisiana. Ricter is registered to do business in Louisiana and has a registered business office in Louisiana at 9889 Old Hammond Highway, Unit 3, Baton Rouge, Louisiana 70816.

    2.    Defendant Alsco is a Utah corporation. Upon information and belief, its principal place of business is located at 505 East 200 South, Salt Lake City, Utah. Alsco may be served through its registered agent, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

22767391.1

## JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Louisiana.

## BACKGROUND FACTS

6. Ricter conducts business in Louisiana as Massage Envy BlueBonnet ("ME BlueBonnet"). ME BlueBonnet is located at 7940 Bluebonnet Boulevard, Baton Rouge, Louisiana 70810.

7. Ricter conducts business in Louisiana as Massage Envy Long Farm ("ME Long Farm"). ME Long Farm is located at 14650 Village Market Street, Suite 101, Baton Rouge, Louisiana 70817.

8. ME BlueBonnet and ME Long Farm are franchise locations of Massage Envy – a nationwide wellness franchise providing massage, stretch, and skin care services.

9. Alsco is a linen and uniform-rental business service provider for restaurants, health care organizations, the automotive industry, and industrial facilities, among others.

10. On September 20, 2017, Ricter and Alsco entered a Textile Rental Service Agreement for Alsco to provide linen services to Ricter's ME BlueBonnet location ("ME BlueBonnet Agreement"). *See* Exhibit A. On October 3, 2017, Ricter and Alsco entered into a Textile Rental Service Agreement for Alsco to provide linen services to Ricter's ME Long Farm

location ("ME Long Farm Agreement"). *See* Exhibit B. The agreements may hereinafter collectively be referred to as the "Agreements."

11. The Agreements were signed on Ricter's behalf by Jeff Powdrill ("Powdrill") as Owner and Franchisee. Powdrill was identified on the attached Service Agreement – Schedule A as the "Key Contact" for ME BlueBonnet, ME Long Farm, and Ricter. Exhibit A; Exhibit B.

12. The Agreements were to "remain in full force and effect for a period of 36 months, commencing on the date of the installation of the goods." As agreed to by the parties, the term was redlined from 60 months to 36 months prior to execution. Exhibit A; Exhibit B.

13. Based on information and belief, installation of the goods occurred under the ME BlueBonnet Agreement on September 20, 2017.

14. The ME BlueBonnet Agreement thus expired on or about September 20, 2020.

15. Based on information and belief, installation of the goods occurred under the ME Long Farm Agreement on October 16, 2017.

16. The ME Long Farm Agreement thus expired on or about October 16, 2020.

17. On December 3, 2020, an Alsco employee induced Eden Canales, ME BlueBonnet Assistant Manager, to execute a new Terms and Conditions for Textile Rental Service Agreement ("Second ME BlueBonnet Agreement"). *See* Exhibit C. Unbeknownst to Canales, the Alsco employee surreptitiously included the Second ME BlueBonnet Agreement for execution in the materials normally presented during delivery, including invoices. The Alsco employee did not bring the Second ME BlueBonnet Agreement to Canales's attention before or after she executed it.

18. Also, on December 3, 2020, an Alsco employee induced Erica Black, ME Long Farm Assistant Manager, to execute a new Terms and Conditions for Textile Rental Service

Agreement ("Second ME Long Farm Agreement"). *See* Exhibit D. Unbeknownst to Black, the Alsco employee surreptitiously included the Second ME Long Farm Agreement for execution in the materials normally presented during delivery, including invoices. The Alsco employee did not bring the Second ME Long Farm Agreement to Black's attention before or after she executed it.

19. Ricter and its Key Contact Powdrill were not made aware that the Second ME BlueBonnet Agreement and Second ME Long Farm Agreement had been signed by unauthorized employees.

20. Ricter was and has been operating pursuant to the understanding the Agreements had expired and defaulted to a week-to-week or month-to-month basis.

21. On May 5, 2023, Powdrill notified Alsco that Ricter had decided to retain a new linen service provider. Powdrill informed Alsco its final delivery was to be May 8, 2023, and its final pickup was to be May 11, 2023. *See* Exhibit E.

22. Alsco responded by providing the Second ME Long Farm Agreement and the Second ME BlueBonnet Agreement to Powdrill for the first time. Exhibit E.

23. On May 12, 2023, Alsco sent a letter to Powdrill alleging a breach of contract, which claimed that ME BlueBonnet and Alsco entered a written agreement scheduled to run through December 3, 2025, claiming liquidated damages and threatening legal intervention. *See* Exhibit F.

24. On May 12, 2023, Alsco sent a letter to Powdrill alleging a breach of contract, which claimed that ME Long Farm and Alsco entered a written agreement scheduled to run through December 3, 2025, claiming liquidated damages and threatening legal intervention. *See* Exhibit G.

- 4 -

25. The liquidated damages clause in the Second ME BlueBonnet Agreement and the Second ME Long Farm Agreement states that in the event of "premature termination of this Agreement by Customer, Customer shall pay to Supplier as liquidated damages, and not as a penalty, a sum equal to the number of unexpired weeks remaining in the term then in effect multiplied by fifty (50%) of the average weekly charge for goods and services during the 10 weeks immediately preceding such . . . premature termination." Exhibit A; Exhibit B.

26. Alsco claimed ME BlueBonnet averaged $845.05 per week (or $3,380.20 per month), and as a result, Alsco is entitled to $51,419.52 in liquidated damages based on this formula. *See* Exhibit H.

27. Alsco claimed ME Long Farm averaged $842.02 per week (or $3,368.08 per month), and as a result, Alsco is entitled to $51,235.39 in liquidated damages based on this formula. *See* Exhibit I.

## RICTER IS ENTITLED TO A DECLATORY JUDGMENT

28. Ricter seeks a declaration that the ME BlueBonnet Agreement expired on or about September 20, 2020, and the parties' relationship converted to a term of either week-to-week or month-to-month, as provided by La. C.C. art. 2680(3).

29. Ricter seeks a declaration that Eden Canales did not have authority to execute the Second ME BlueBonnet Agreement and/or bind Ricter, and thus, it is void, was never in effect, and Ricter is not in breach.

30. Ricter seeks a declaration that Ricter has properly terminated its relationship with Alsco, originally memorialized in the ME BlueBonnet EBB Agreement, and has no further obligations to Alsco.

31. Ricter seeks a declaration that in the alternative, even if the Second ME BlueBonnet Agreement is deemed enforceable, which it is not, the liquidated damages provision is unreasonable and is an unenforceable penalty.

32. Ricter seeks a declaration that the ME Long Farm Agreement expired on or about October 16, 2020, and the parties' relationship converted to a term of either week-to-week or month-to-month, as provided by La. C.C. art. 2680(3).

33. Ricter seeks a declaration that Black did not have authority to execute the Second ME Long Farm Agreement and/or bind Ricter, and thus, it is void, was never in effect, and Ricter is not in breach.

34. Ricter seeks a declaration that Ricter has properly terminated its relationship with Alsco, originally memorialized in the ME Long Farm Agreement, and has no further obligations to Alsco.

35. Ricter seeks a declaration that in the alternative, even if the Second ME Long Farm Agreement is deemed enforceable, which it is not, the liquidated damages provision is unreasonable and is an unenforceable penalty.

## PRAYER FOR RELIF

WHEREFORE, PREMISES CONSIDERED, Ricter respectfully requests this Court to:

(1) Declare the rights and obligations of each of the parties under these agreements;

(2) Declare the ME BlueBonnet Agreement expired;

(3) Declare Eden Canales had no authority to execute the Second ME BlueBonnet Agreement or bind Ricter;

(4) Declare the Second ME BlueBonnet Agreement void;

(5) Declare the Second ME BlueBonnet Agreement was never in effect;

(6)  Declare Ricter is not in breach of the Second ME BlueBonnet Agreement;

(7)  Declare Ricter has properly terminated its relationship with Alsco, originally memorialized in the ME BlueBonnet Agreement, and has no further obligations to Alsco;

(8)  Declare even if the Second ME BlueBonnet Agreement was enforceable, the liquidated damages clause was a penalty and unenforceable;

(9)  Declare the ME Long Farm Agreement expired;

(10) Declare Erica Black had no authority to execute the Second ME Long Farm Agreement or bind Ricter;

(11) Declare the Second ME Long Farm Agreement void;

(12) Declare the Second ME Long Farm Agreement was never in effect;

(13) Declare Ricter is not in breach of the Second ME Long Farm Agreement;

(14) Declare Ricter has properly terminated its relationship with Alsco, originally memorialized in the ME Long Farm Agreement, and has no further obligations to Alsco;

(15) Declare even if the Second ME Long Farm Agreement was enforceable, the liquidated damages clause was a penalty and unenforceable;

(16) Award all damages, costs, and attorneys' fees which Ricter is entitled; and

(17) Grant any other relief the Court deems necessary.

Respectfully submitted, this the 25th day of May, 2023.

RICHTERJ ENTERPRISES, L.L.C. D/B/A MESSAGE ENVY BLUEBONNET AND MASSAGE ENVY LONG FARM

*/s/ Matthew W. McDade*
Matthew W. McDade (LA Bar No. 32899)
Balch & Bingham LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Phone: (228) 864-9800
Fax: (228) 864-8221
mmcdade@balch.com

22767391.1